# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. KNIGHT,<br><br>                    Petitioner,<br><br>       v.<br><br>JAMES A. YATES,<br><br>                    Respondent.                    / | CV F   07-00612 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner was denied parole at a Parole Hearing on February 24, 2005.  (Exhibit 1, attached to Motion.)  Petitioner challenged the decision in a petition for writ of habeas corpus filed in the California Superior Court on May 5, 2005.[1]  (Exhibit 2, attached to Motion.)  The petition was denied.  (Exhibit 3, attached to Motion.)  On August 16, 2005, Petitioner filed a second petition in the Superior Court, raising the same claims raised in the instant federal petition.  (Exhibit 4, attached to Motion.)  The petition was denied as successive because it challenged the same parole hearing as the first petition.  (Exhibit 5, attached to Motion.)

Petitioner next filed in the California Appellate Court on October 26, 2005.  (Exhibit 6,

---

[1] Pursuant to the "mailbox rule," the filing date refers to the date the prisoner signed the pleading, rather than the date that it was formally filed.  Rules Governing § 2254 Cases, Rule 3(d); Fed. R. App. Pro. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).  All dates hereinafter apply the mailbox rule.

1

1  attached to Motion.)  The petition was summarily denied on November 21, 2005.  (Exhibit 7,
2  attached to Motion.)  Petitioner then filed a petition in the California Supreme Court on
3  December 27, 2006.  (Exhibit 8, attached to Motion.)  It was summarily denied on September 27,
4  2006.  (Exhibit 9, attached to Motion.)

5  Petitioner filed a first federal petition challenging the denial of parole in the United States
6  District Court for the Central District of California, case number 07-cv-00277, on March 8, 2007.
7  (Exhibit 10, attached to Motion.)  Petitioner then filed the instant petition, challenging the same
8  denial of parole, on April 23, 2007.  (Petition, at p. 6.)

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Successive Petition

Respondent initially argues that the instant is subject to dismissal as a successive petition.

Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or

successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

The Court does not find Respondent's argument persuasive. From reviewing the petition filed in the Central District of California, the district court of which Petitioner was originally convicted, it appears that Petitioner is challenging his underlying conviction in that petition.[2] To the contrary, in the instant petition, Petitioner is challenging the Board of Parole Hearings' denial of parole on February 24, 2005. As such, the instant petition is not successive of the petition filed in the Central District of California.

C.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

Respondent argues that the instant petition is untimely.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ

---

[2] The Court takes judicial notice of case number 1:06-cv-01581 LJO HC, Knight v. Yates, filed in this Court on November 7, 2006. The petition was dismissed by this Court on January 22, 2007, because although Petitioner framed the petition as challenging the decision of the Board of Hearing, "the basis for the petition [was] an attack on the plea agreement that occurred in the underlying conviction" which occurred in San Bernardino County. (Court Doc. 4; Findings and Recommendations, at p. 3.) As previously stated, Petitioner currently has a federal petition for writ of habeas corpus pending in the United States District Court for the Central District of California, case number 07-cv-00277, filed March 8, 2007. (Exhibit 10, to Motion.)

3

of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on October 5, 2006, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state

court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

    Here, as Respondent submits, the factual predicate of Petitioner's claims were known to him on the day of his parole hearing, February 24, 2005.  Petitioner contends that the Board of Parole Hearing failed to present any evidence to support its denial of parole.  As Respondent correctly argues, whether or not Petitioner's due process rights were violated was discoverable to him on the day of his hearing because on that day the Board held a hearing, denied parole, and explained its reasons for such denial. (Exhibit 1, attached to Motion.)  Thus, the Board's actions which allegedly violated Petitioner's federal rights were fully apparent to him on the day of his parole hearing. (Id.)

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one

state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

As stated above, Petitioner filed his first state habeas corpus petition in the Superior Court on May 5, 2005, which was denied on May 12, 2005. (Exhibits 2 & 3, attached to Motion.) Petitioner filed a second petition in the Superior Court, raising the same claims as in the instant petition, on August 16, 2005. (Exhibit 4, attached to Motion.) The petition was denied as successive on August 24, 2005. (Exhibit 5, attached to Motion.)

As Respondent correctly argues, the one-year limitations period is tolled when a properly filed state habeas action is pending. 28 U.S.C. § 2244(d)(2). The first petition filed in the Superior Court on May 5, 2005, and denied on May 12, 2005, did not toll the limitations period because it did not raise the same issues presented in the later filing or the instant petition. Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003); see also Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006). That initial petition only argued that the parole denial violated his plea-bargain agreement which strictly challenged the underlying conviction. (Exhibit 2, attached to Motion.) Petitioner does not raise that challenge in the instant petition. The initial petition did not assert any of the claims set forth in Petitioner's subsequent state filings. (Id.) Accordingly, because the issues that Petitioner did pursue through the state courts were not presented in the initial petition, those issues were not pending with that filing. Welch, 350 F.3d at 1080. Consequently, the statute of limitations did not begin to toll when Petitioner first filed in the Superior Court. Id.; 28 U.S.C. § 2244(d)(2).

As explained above, the time did not begin to toll with Petitioner's first state habeas petition. By the time Petitioner filed the second state habeas petition in the Superior Court on August 16, 2005, 173 days of the limitations had expired. The statute of limitations was tolled from the filing of the second petition in the Superior Court on August 16, 2005, until it was denied by the California Supreme Court on September 27, 2006. The statute of limitations commenced running again on September 28, 2006, and an additional 208 days elapsed at the time Petitioner filed the instant federal petition.

Accordingly, 381 days of the statute of limitations ran at the time Petitioner filed the

6

instant federal petition, and it is therefore untimely.

D.      State Created Impediment/Equitable Tolling

In his opposition, Petitioner contends that "the delay in filing of this petition was the result of impediments by the state beyond [his] control." (Opposition, Memorandum of Points and Authorities, at p. 1.)  Specifically, Petitioner contends that he was involuntarily placed in administrative segregation, which resulted in lack of access to his legal property. (Id.) Petitioner further contends that when he was released from administrative segregation he was housed in another facility at the prison. Petitioner contends that he had insufficient "access to the prisons law library due to numerous lock-downs, limited programming and no regular Librarian for research, preparing copies and filing of pleadings." (Id.)

In the event of an impediment created by State action in violation of the Constitution or laws of the United States, the one-year limitations period does not commence until after the impediment has been removed. 28 U.S.C. § 2244(d)(1)(B).  Section 2244(d)(1)(B) only applies when the petitioner has been impeded from filing a habeas petition and which violate the Constitution or laws of the United States. Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005) (the state appellate court rejected petitioner's claim in light of a state supreme court decision that was subsequently overruled by that court.)

Beyond Petitioner's mere vague and conclusory allegations, Petitioner has failed to support his allegations that his placement in administrative segregation and lack of access to his legal materials hindered his ability to file a timely petition. Additionally, Petitioner has not met his burden of demonstrating that his placement in administrative segregation was not reasonably related to a legitimate penological interest, a predicate to demonstrating an unconstitutional impediment. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (lockdowns for disciplinary reasons and violent outbreaks in the facility was a legitimate penological interest and not an unconstitutional impediment).  Further, even assuming without deciding, that Petitioner was denied access to the law library, Petitioner has not shown that such denial caused him to be untimely. 28 U.S.C. § 2244(d)(1)(B). Petitioner's limited legal knowledge, and difficulties and disruptions he encountered with periodic prison lock-downs are conditions of prison life that are

not different than those experienced by the vast majority of all inmates attempting to file a petition for writ of habeas corpus. Thus, such conditions cannot be classified as a state-created impediment.

E.     Equitable Tolling

Although Petitioner sets forth the standard for equitable tolling, he fails to set forth any claim demonstrating entitlement to such tolling. To the extent the claims raised as a state-created impediment could also support a claim for equitable tolling, they fail for the same reasons as a state-created impediment.

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[3] Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner has not demonstrated how the transfers or lockdown status affected his ability to file a timely petition. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "casual connection" between the alleged extraordinary circumstance and the failure to file a timely petition), *modified on other grounds by* 447 F.3d 1165 (9th Cir. 2006). Additionally, Petitioner's claim that when he was released from administrative segregation and transferred to another facility he had insufficient "access to the prisons law library due to numerous lock-downs, limited programming and no regular Librarian for research, preparing copies and filing of pleadings, is too vague and conclusory to warrant equitable tolling. Petitioner provides no dates with respect to when the alleged lockdowns or other conditions occurred nor evidentiary support that they

---

[3] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n.8.

8

1 occurred at all during the relevant time frame.  Thus, such conditions cannot be classified as
2 "extraordinary" and do not justify equitable tolling.  See United States v. Van Poyck, 980 F.Supp.
3 1108, 111 (C.D. Cal. 1997).
4        Further, Petitioner's claim that he was without assistance of a librarian fails because a
5 prisoner does not have a right to counsel for habeas corpus proceedings, so he cannot complain
6 that he was denied access to assistance.  See Coleman v. Thompson, 501 U.S. 722, 755 (1991).
7 Finally, Petitioner fails to show that the lack of a copier prevent him from filing a timely petition.
8        To the extent Petitioner attempts to argue that because he is a layman at law with limited
9 education and understanding of the law, he is entitled to equitable tolling, is without merit.  See
10 Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Bd. of
11 Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of
12 law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th
13 Cir.2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335
14 (6th Cir.1991).  Petitioner's circumstances are no different than the majority of incarcerated
15 prisoners attempting to file petitions for writ of habeas corpus.  In sum, Petitioner has not shown
16 any "extraordinary circumstance" prevented him from filing a timely petition.  See Espinoza-
17 Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (determination whether entitled to
18 equitable tolling is "highly fact-dependant" and petitioner "bears the burden of showing that
19 equitable tolling is appropriate.")

20                             RECOMMENDATION
21        Based on the foregoing, it is HEREBY RECOMMENDED that:
22        1.  Respondent's motion to dismiss the instant petition as untimely be GRANTED; and
23        2.  The instant petition be dismissed, with prejudice.
24        This Findings and Recommendations is submitted to the assigned United States District
25 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
26 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
27 thirty (30) days after being served with a copy, any party may file written objections with the court
28 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

1  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed
2  within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The
3  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  IT IS SO ORDERED.
7  **Dated:     September 11, 2007**                    **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28